IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ANGELA WILSON, on behalf of T.N.L.B.,

        Plaintiff,

  v.                                         Civil Action No.
                                                 5:14-CV-1510 (DEP)

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP          HOWARD OLINSKY, ESQ.
300 S. State Street               PAUL B. EAGLIN, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN    ROBERT R. SCHRIVER, ESQ.
United States Attorney         Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on December 10, 2015, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   December 11, 2015
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
ANGELA WILSON, on behalf of T.N.L.B.,

                          Plaintiff,

vs.                            5:14-CV-1510

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                          Defendant.

------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on December 10, 2015, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff:     OLINSKY LAW GROUP
                   Attorneys at Law
                   300 S. State Street
                   Suite 420
                   Syracuse, New York  13202
                     BY:  PAUL EAGLIN, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of Regional General Counsel
                   Region II
                   26 Federal Plaza – Room 3904
                   New York, New York  10278
                     BY:  ROBERT R. SCHRIVER, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1        (The following is an excerpt from the
2            proceedings held on 12/10/2015.)
3        (In Chambers, Counsel present by telephone.)
4        THE COURT:  All right.  I have before me a request
5    for judicial review of an administrative determination
6    denying plaintiff's application for benefits on behalf of a
7    minor.
8        The background is as follows:  The claimant, I'll
9    call him, was born in January of 2001, he is almost 15 years
10   old.  He was 12 years old at the time of the hearing in this
11   matter.  He, at the time of the hearing, attended sixth grade
12   at parochial school.  He is in regular classes.  He does
13   receive some extra help.  He likes school.  He likes math.
14   He testified he likes sports and his aunt did as well, and
15   that he has relatively good grades.  He lives with his aunt
16   who is his custodial guardian in Syracuse, New York.  He was
17   living also with a grandfather who died in September of 2010
18   and that appears to have been a little bit of a stressor,
19   I'll call it, for the claimant.
20       Physically, the claimant suffers from asthma and he
21   uses Albuterol, Flovent, and Singulair.  He also has some
22   minor tendinitis.
23       Mentally, it's been said that he has borderline
24   intellectual functioning, some signs of ADHD.  He takes
25   Adderall, although Dr. Shapiro, Dr. Jane Shapiro examined the

claimant on May 23rd, 2011, and opined that she did not see any evidence of ADHD, that's at 375 of the administrative transcript. He appears, it appears that his condition, I'll call it ADHD, is well controlled when he is on meds. He is consistently assessed a Global Assessment of Functioning or GAF of between 50 and 55, which indicates moderate symptoms and moderate difficulty in social, occupational, or school functioning.

He received treatment at the Syracuse Community Health Center and later at Summerwood Pediatrics effective January of 2013. He has also been treated for his ADHD condition at ARISE since November 24, 2008. He sees counselors as well as two psychiatrists at ARISE, Catalin, C-a-t-a-l-i-n, Butunoi, B-u-t-u-n-o-i, and Golam, G-o-l-a-m, M-o-h-i-u-d-d-i-n.

His aunt testified that he helps with chores, he can handle his daily needs, he gets along with most of his classmates, and is generally likable. He likes video games and playing on the computer. He plays football, basketball, and takes swimming lessons.

The procedural history is that on April 7, 2011, the plaintiff in this case filed an application for Supplemental Security Income benefits on behalf of the claimant, alleging an onset date of June 13, 2011. A hearing was conducted on March 4, 2011 by Administrative Law Judge

Susan Wakshul, W-a-k-s-h-u-l I believe. The administrative law judge issued a decision on June 21, 2013, finding that the claimant was not disabled at the relevant times. That became a final determination of the agency on October 10, 2014, when the Social Security Administration Appeals Council denied plaintiff's application for review.

The Commissioner's decision, the administrative law judge's decision that is, is fairly straightforward. After recounting the background, the administrative law judge applied the test for determining childhood disability and functional equivalents to a listed presumptively disabling condition, concluded that plaintiff suffers from a less than marked limitation in the area of acquiring and using information, a less than marked limitation in the area of attending and completing tasks, a less than marked limitation in the area of interacting and relating with others, no limitation in moving about and manipulating objects, and less than marked in the domain of caring for himself, also found that there would be a less than marked limitation in connection with his health and physical well-being, attributed mostly to the mental effects, and also his asthma. The Commissioner then -- the ALJ then determined that plaintiff had not met the test of showing either an extreme limitation in one domain or marked limitations in two or more.

1    Obviously my role is limited and deferential.  My
2  role is to determine whether correct legal principles were
3  applied and the determination is supported by substantial
4  evidence.  Substantial evidence has been defined as such
5  relevant evidence as a reasonable mind might accept as
6  adequate to support a conclusion.
7    Addressing first the argument regarding the duty to
8  develop the record, undeniably, and in particular in pro se
9  cases where the need is even more acute, an administrative
10 law judge does have the duty to develop a record when there
11 are obvious gaps in the record.  In this case, the record
12 contains detailed treatment notes over the full period in
13 question, particularly from counselors and psychiatrists at
14 ARISE, as well as educational records.  The notion that,
15 notwithstanding that fact, when there's no medical source
16 statement from a treating physician, the administrative law
17 judge has a duty to contact the treating source has been
18 squarely rejected by the Second Circuit.  The plaintiff's
19 counsel cited *Swiantek* which is a case that was relied on by
20 the Commissioner, and that is a summary order that doesn't
21 have precedential effect but there are other decisions,
22 including in *Whipple v. Astrue* and *Pellam v. Astrue*, that
23 hold the same.  There is also a decision from Judge Scullin
24 in this district in *Streeter v. Commissioner of Social*
25 *Security*, all of which stand for that proposition.

1  So in this case, the record is in my view complete,
2  there are no obvious gaps, and therefore there was no duty
3  imposed on the Commissioner to recontact any treating source.
4  In terms of credibility, the administrative law
5  judge went through a credibility analysis but I did not find
6  any statements that -- of the claimant or the claimant's aunt
7  that were rejected as being inconsistent with the
8  administrative law judge's decision. So really, this boils
9  down to where plaintiff's counsel started, and whether the
10  determination of less than marked in the domain of acquiring
11  and using information is supported.
12  There is evidence from Dr. Randall at 383 to 388
13  that indicates a less than marked limitation in this area.
14  Dr. Shapiro concluded, and did both intelligence testing and
15  consultative examination, found that plaintiff reads at an
16  age appropriate level, slightly below average in arithmetic
17  and writing. Dr. Shapiro's findings lend substantial
18  evidence to the determination.
19  I have reviewed very carefully also the psychiatric
20  records from ARISE, and they all suggest that the
21  plaintiff -- the claimant, I'm sorry, is doing well while on
22  meds. For example, and this is just one of many, at 838, on
23  October 27, 2011, Dr. Butunoi wrote that the claimant is
24  doing well academically and is able to focus to acquire
25  knowledge.

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547


1          So I find that the determination regarding this
2   domain is supported by substantial evidence.  I note that
3   even if a marked limitation were to be found in this domain,
4   which I don't think is necessarily supported by the record,
5   there would still not be a finding of disability since there
6   is no other marked limitation in any other domain.
7          So that having been said, I conclude that the
8   Commissioner's determination is supported by substantial
9   evidence, clearly she applied correct legal principles, and
10  so I'll grant judgment on the pleadings to the defendant and
11  affirm the Commissioner's determination.
12         Thank you both for excellent, excellent arguments
13  and it was an interesting case.  It was a pleasure to work
14  with both of you.
15         MR. EAGLIN:  Thank you, your Honor.
16         MR. SCHRIVER:  Thank you, your Honor.
17              (Proceedings Adjourned, 2:39 p.m.)
18
19
20
21
22
23
24
25

1     CERTIFICATE OF OFFICIAL REPORTER
2
3
4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5     Official Realtime Court Reporter, in and for the
6     United States District Court for the Northern
7     District of New York, DO HEREBY CERTIFY that
8     pursuant to Section 753, Title 28, United States
9     Code, that the foregoing is a true and correct
10    transcript of the stenographically reported
11    proceedings held in the above-entitled matter and
12    that the transcript page format is in conformance
13    with the regulations of the Judicial Conference of
14    the United States.
15
16                    Dated this 10th day of December, 2015.
17
18
19                    /S/ JODI L. HIBBARD
20                    JODI L. HIBBARD, RPR, CRR, CSR
                      Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547